**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Gene Barton,<br><br>    Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-16-00772-TUC-JAS (EJM)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Donald Gene Barton filed a pro se Petition for a Writ of Habeas Corpus ("PWHC") pursuant to 28 U.S.C. § 2254 on November 15, 2016.[1] (Doc. 1). Petitioner raises seven grounds for relief: (1) abuse of discretion by the trial court in applying Ariz. Rev. Stat. § 13-705; (2) Ariz. Rev. Stat. § 13-3553(A)(2) is unconstitutionally vague as applied to Petitioner's case; (3) double jeopardy; (4) abuse of discretion by the trial court in applying Ariz. Rev. Stat. § 13-705, thereby denying the defense of res judicata; (5) Ariz. Rev. Stat. § 13-3553(A)(2) is overly vague and unconstitutional as applied to Petitioner's case; (6) ineffective assistance of trial counsel; and (7) abuse of discretion by the trial court for refusing to hear Petitioner's motion that Ariz. Rev. Stat. § 13-705 does not apply to his case. Respondents filed an Answer contending that the PWHC is untimely, and further that all of Petitioner's claims are procedurally barred by lack of exhaustion or procedural

---

[1] Although the Petition was docketed by the Clerk on December 12, 2016, the Court assumes that Petitioner deposited his PWHC in the prison mailing system on November 15, 2016, as indicated by Petitioner's signature on his Petition. (Doc. 1 at 15).

default. (Doc. 8). Respondents further state that one of Petitioner's claims is precluded by his guilty plea and that another claim is not cognizable on habeas review. Petitioner did not file a reply.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Markovich for a Report and Recommendation. The undersigned finds that Petitioner's PWHC is untimely and that Petitioner is not entitled to equitable tolling. Accordingly, the Magistrate Judge recommends that the District Court deny the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plea and Sentencing

On July 11, 2012, Petitioner pled guilty to sexual exploitation of a minor and attempted sexual exploitation of a minor in Cochise County Superior Court. (Ex. D). At sentencing, the trial court found both offenses to be dangerous crimes against children ("DCAC") pursuant to the enhancement statute, Ariz. Rev. Stat. § 13-705. (Ex. F). Petitioner was sentenced to 20 years imprisonment followed by lifetime probation. *Id*.

### B. First Petition for Post-Conviction Relief

On September 23, 2012 Petitioner initiated proceedings in Cochise County Superior Court for post-conviction relief ("PCR"). (Ex. G). On March 11, 2013, Petitioner's appointed counsel filed a notice informing the court of her review of the record and stating that she found no colorable claims for relief, and requesting an extension of time for Petitioner to file a pro se petition. (Ex. H). On April 22, 2013, Petitioner filed a pro se petition alleging: (1) double jeopardy/multiple punishments for the same offense; (2) the trial court abused its discretion by applying Ariz. Rev. Stat. § 13-705 and denying the defense of res judicata; (3) the sexual exploitation of a minor statute is overbroad and vague; and (4) IAC of trial counsel. (Ex. J).

On August 26, 2013 the trial court granted the state's request for summary disposition and dismissed the petition for failure to state a claim upon which relief can be granted. (Ex. K). Petitioner did not file a petition for review with the Arizona COA.

## C. Second Petition for Post-Conviction Relief

On September 24, 2013, Petitioner filed a writ of habeas corpus ad subjiciendum in Cochise County Superior Court.[2] (Ex. O).[3] On October 30, 2013 Petitioner filed a second petition for PCR. (Ex. M). Petitioner alleged that the trial court abused its discretion by applying Ariz. Rev. Stat. § 13-705 to designate his offenses as DCAC.

On November 18, 2013 the trial court found that Petitioner failed to raise a colorable claim for relief and denied the petition. (Ex. N).

On December 5, 2013 Petitioner filed a motion for reconsideration. (Ex. P). On December 10, 2013 the trial court denied Petitioner's motion for reconsideration and his petition for writ of habeas corpus ad subjiciendum. (Ex. Q).

On December 30, 2013 Petitioner filed a petition for review with the Arizona COA, arguing that the trial court failed to respond to his claims. (Ex. R). The Court of Appeals issued a memorandum decision on April 28, 2014, granting review and denying relief. (Ex. L). The court found that Petitioner's claims were precluded because he either raised them or could have raised them in his first PCR petition. (Ex. L at ¶5) (citing Ariz. R. Crim. P. 32.2(a)(2), (3)). The court further noted that although Petitioner purported to raise a claim of newly discovered evidence, he did not articulate any argument failing within Ariz. R. Crim. P. 32.2(b). *Id.*

## D. Third Petition for Post-Conviction Relief

On December 5, 2014 Petitioner filed a motion to dismiss the DCAC allegation in Cochise County Superior Court. (Ex. S).[4] On January 29, 2015, the court denied the motion, noting the State's position that the claim had already been litigated up to the COA. (Ex. T).

Petitioner filed a petition for review with the Arizona COA on April 11, 2015. (Ex.

---

[2] Respondents note that this document does not appear in the trial court's docket, but Petitioner attached it as Exhibit A to his PWHC. Respondents also note that the trial court referenced the document when denying Petitioner's motion for reconsideration. (Ex. Q).
[3] The Court notes that Exhibit O appears to be the first page of Petitioner's petition for writ of habeas corpus ad subjiciendum and is date stamped as filed on September 24, 2013.
[4] As Respondents note, this pleading was effectively a successive PCR petition and the COA denied it as such.

- 3 -

U). The Court of Appeals issued a memorandum decision on June 25, 2015 granting review and denying relief. (Ex. V). The court noted that although Petitioner purported to make claims pursuant to Rule 32.1(e) and (g), he had presented no new evidence and had not established a significant change in the law entitling him to relief. (Ex. V at ¶4). The court further found that Petitioner's claims were untimely and precluded because they either were or could have been raised in a previous PCR proceeding. *Id.* at ¶5.

Petitioner filed a petition for review with the Arizona Supreme Court on July 11, 2015,[5] which denied review on December 7, 2015. (Ex. W). The COA issued its mandate on December 28, 2015. (Ex. X).

### E. Habeas Petition

Petitioner deposited his PWHC in the prison mailing system on November 15, 2016. Petitioner states seven grounds for relief and requests that the Court remove Ariz. Rev. Stat. § 705 from the charges because there was no actual victim and therefore no DCAC.

For the reasons stated below, the undersigned finds that the PWHC is untimely and thus not properly before this Court for review. Accordingly, the undersigned recommends that the District Court deny and dismiss the Petition with prejudice.

## II. STATUTE OF LIMITATIONS

### A. Timeliness

As a threshold matter, the Court must consider whether Petitioner's PWHC is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244. The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

---

[5] Exhibit H to the PWHC

- 4 -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).

The other subsections being inapplicable here, Petitioner must have filed his habeas petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1929 (2013).

By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. However, he retained his right to seek review in an "of-right" PCR proceeding pursuant to Arizona Rules of Criminal Procedure 32, 32.1, and 32.4. Indeed, Petitioner filed a timely notice for PCR in state court.[6] Because Petitioner plead guilty, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding." *Summers*, 481 F.3d at 711 (holding that an "'of right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. 2244(d)(1)(A).").

The trial court denied Petitioner's of-right petition for PCR on August 26, 2013. Petitioner had 35 days to file a petition for review with the Arizona COA, but he failed to

---

[6] Petitioner was sentenced on August 7, 2012 and had 90 days from that date to file a notice of PCR. *See Summers v. Schriro*, 481 F.3d 710, 715 (9th Cir. 2007) ("To bring an of-right proceeding under Rule 32, a plea-convicted defendant must provide to the Arizona Superior Court, within 90 days of conviction and sentencing in that court, notice of his or her intent to file a Petition for Post-Conviction Review.") (citing Ariz. R. Crim. P. 32.4(a)). The notice for PCR was timely filed on September 23, 2012.

do so. *See* Ariz. R. Crim. P. 32.9(c) (requiring a petition for review that challenges the final decision in a PCR proceeding be filed with the Arizona COA within 30 days); *State v. Savage*, 573 P.2d 1388, 1389 (Ariz. 1978) (holding that Rule 1.3 from the Arizona Rules of Criminal Procedure allows 5 additional days for mailing). Therefore, Petitioner's judgment became final on September 30, 2013 within the meaning of 28 U.S.C. § 2244(d)(1)(A) when his time for seeking appellate review expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641 (2012) (holding that where a state prisoner does not seek review in a state's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking such review expires). Thus, absent any tolling, the one-year limitations period would have commenced on October 1, 2013 and expired on October 1, 2014, over two years before the instant § 2254 petition was filed. *See Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Accordingly, the petition is untimely unless the statute of limitations was tolled.

**B. Statutory Tolling**

The one-year limitation period under AEDPA is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for state post-conviction relief is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). If a state court rejects a petitioner's PCR petition as untimely, it cannot be "properly filed" and the petitioner is not entitled to statutory tolling. *Allen v. Sibert*, 552 U.S. 3, 6–7 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, statutory tolling began on September 24, 2013 (before Petitioner's conviction became final on September 30, 2013) when Petitioner filed his writ of habeas corpus ad subjiciendum in Cochise County Superior Court.[7] Tolling continued until April 28, 2014,

---

[7] As Respondents note, under Rule 32.3, this pleading was effectively a petition for PCR.

- 6 -

when the COA denied relief. The limitations period began to run on April 29, 2014 and continued to run interrupted until it expired 365 days later on April 29, 2015. Petitioner had one year from that date to file his federal habeas petition. Accordingly, Petitioner's November 15, 2016 PWHC was untimely filed over a year after the limitations period expired.

Unlike the second PCR proceedings, Petitioner's third PCR proceedings were not "properly filed" and did not toll the statute of limitations. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the time limits upon its delivery . . ." *Artuz*, 531 U.S. at 8. If a petitioner files an application after the generally applicable state time limit, the application may nonetheless be considered "properly filed" if it fits within any exception to that limit. *Pace*, 544 U.S. at 413. However, the existence of exceptions to the state's timely filing requirements does not prevent a late application from being deemed improperly filed when the application does not fit within any exceptions to the time limit. *Id.* at 408. "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Id.* at 414 (internal brackets and quotation marks omitted).

In Arizona, notices for PCR (other than in "of-right" or capital proceedings) "must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." Ariz. R. Crim. P. 32.4(a). In the event that a notice is not timely filed, Rule 32.2(b) of the Arizona Rules of Criminal Procedure sets forth conditions for filing, which if met, exclude the claims contained in the untimely notice from preclusion. *See Pace*, 544 U.S. at 413–14 (comparing conditions of filing with conditions of relief). This rule may permit an untimely or successive petition if a petitioner can establish that (1) he "is being held in custody after the sentence imposed has expired," (2) "[n]ewly discovered material facts probably exist and such facts probably would have changed the verdict or sentence," (3) his "failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time

was without fault on the defendant's part," (4) "[t]here has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence," or (5) "[t]he defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt." Ariz. R. Crim. P. 32.1(d)–(h). "[T]he notice of post-conviction relief must set forth the substance of the specific exception and the reasons for not raising the claim in the previous petition or in a timely manner." Ariz. R. Crim. P. 32.2(b).

In the instant case, Petitioner's motion to dismiss the DCAC allegation, which the COA treated as a PCR petition, was untimely filed. Petitioner filed his motion on December 5, 2014—eight months after the COA denied relief on Petitioner's second PCR petition, and well beyond the 30 days allowed by Ariz. R. Crim. P. 32.4(a). While the motion was filed before the AEDPA limitations period expired on April 29, 2015, it did not toll the statute of limitations because the COA specifically found that Petitioner's claims were untimely and precluded because they either were or could have been raised in a previous PCR proceeding.[8] (Ex. V at ¶5); *see Pace*, 544 U.S. at 414 (an untimely petition is not "properly filed" and does not toll the running of the statute). Furthermore, the record does not reflect that Petitioner complied with Rule 32.2(b) when he submitted his motion. Indeed, the COA noted that although Petitioner purported to make claims pursuant to Rule 32.1(e) and (g), he had presented no new evidence and had not established a significant change in the law entitling him to relief. (Ex. V at ¶4). In so ruling, the court necessarily found that the third PCR petition was untimely because Petitioner's claim did not satisfy any exception to the time limit for filing. *See* Ariz. R. Crim. P. 32.2(b) ("If the specific exception and meritorious reasons do not appear substantiating the claim and indicating why the claim was not stated in the previous petition or in a timely manner, the notice shall be summarily dismissed."). Accordingly, because the third petition was filed after the time

---

[8] The trial court's order denying the motion also effectively found that Petitioner's claims were precluded because the "claims have already been litigated up to the Court of Appeals." (Ex. T).

- 8 -

limit, and did not fit within any exceptions to that limit, it was not "properly filed" and does not toll the limitations period under § 2244(d)(2). *See Pace*, 544 U.S. at 414 ("When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)."); *Trigueros v. Adams*, 658 F.3d 983, 988 (9th Cir. 2011) ("An untimely state petition is not 'properly filed' and does not trigger statutory tolling under AEDPA."); *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) ("An untimely petition . . . is not 'properly filed' pursuant to 28 U.S.C. § 2254(d)(2), and so it does not toll the statute of limitations.").

Further, a successive PCR proceeding that is deemed untimely does not toll the time between the first and subsequent proceedings. *Hemmerle*, 495 F.3d at 1075. "Only the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled." *Banjo*, 614 F.3d at 968. The Ninth Circuit applies a two-part test to determine whether the gap between the denial of one petition and the filing of a second petition should be tolled. *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003).

> First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled. If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making proper use of state court procedures, and habeas review is still pending. Second, if the successive petition was not timely filed, the period between the petitions is not tolled.

*Banjo*, 614 F.3d at 968–69 (internal quotations and citations omitted) (noting that because the court concluded the petition was untimely under the second prong of *King*, the court "need not determine whether the petition was a continuation of the first or the start of a second round."); *see also Hemmerle*, 495 F.3d at 1075 (explaining that when the court construes the new petition as part of the first round of collateral review, tolling applies if the petition was denied on the merits but not if the petition was deemed untimely). Here, because the undersigned finds that Petitioner's third PCR proceedings were untimely,

Petitioner is not entitled to tolling for the periods between the petitions.

In sum, the undersigned finds that ADEPA's one-year statute of limitations period began to run on April 29, 2014. Petitioner's successive and untimely third PCR petition did not toll, pause, or re-start the statute of limitations. Accordingly, absent equitable tolling, the statute of limitations ran uninterrupted until it expired on April 29, 2015, making Petitioner's November 15, 2016 PWHC untimely.

**C. Equitable Tolling**

In certain limited circumstances, AEDPA's one-year filing deadline may be equitably tolled. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he can demonstrate "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" to prevent him from timely filing a petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418). An extraordinary circumstance is one that is "beyond a prisoner's control [that] make[s] it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). And, to justify equitable tolling, the extra ordinary circumstance must be attributable to "external forces [] rather than a petitioner's lack of diligence[.]" *Id.* Further, a petitioner must establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007). "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

Here, Petitioner has failed to meet his burden. Indeed, Petitioner does not address timeliness of his federal petition. This Court's review of the record does not reveal the existence of any extraordinary circumstances such that equitable tolling would be warranted. And, in any event, Petitioner's pro se status, indigence, limited legal resources, ignorance of the law, or lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g., Rasberry v.*

*Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) ("A petitioner's misunderstanding of accurate information cannot merit relief, as equitable tolling requires a petitioner to show that some extraordinary circumstance[ ] beyond [his] control caused his late petition, and this standard has never been satisfied by a petitioner's confusion or ignorance of the law alone." (internal quotations and citation omitted)) (citing *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) ("To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances stood in his way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on the petitioner's part . . . .") (internal quotation marks and brackets omitted)).

Accordingly, the undersigned finds that Petitioner is not entitled to equitable tolling and the PWHC is untimely.

### III. RECOMMENDATION

Based on the foregoing,

**IT IS HEREBY RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be DENIED because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-16-772-TUC-JAS**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 10th day of May, 2019.

Eric J. Markovich
United States Magistrate Judge